## Commonwealth *v.* Earl, Hockman and Mattison, Appellants.   (No. 2.)

Argued April 11, 1927.   Appeal No. 192, April T., 1927, by defendant from sentence of O. & T. Clarion County, February Sessions, 1927, No. 1, in the case of Commonwealth of Pennsylvania v. Samuel C. Earl, Frank K. Hockman and William J. Mattison.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Indictment for robbery.   Before HARVEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned,* among others, were the charge and judgment of the court.

*John S. Powers,* and with him *George F. Whitmer,* for appellant.

*H. M. Rimer,* and with him *A. A. Geary* and *John M. Myers,* District Attorney, for appellee.

Opinion by Henderson, J., July 8, 1927:

The appellant was indicted with Samuel C. Earl and William J. Mattison for participation in the robbery of the Clarion County National Bank of Knox. A verdict of guilty was returned as to Earl and the appellant, and not guilty as to Mattison. The appellant's residence was in New Castle where according to the evidence of the Commonwealth the plan was developed to rob the bank. The testimony shows that he was active in preparing the details of the scheme, and at meetings of the persons interested in the project gave direction with respect to the situation of the bank, the residence of its officers, and the means of securing the money. He presented maps at two meetings of the parties showing the road to the town where the bank was located and described the conditions which would probably confront the persons who went to commit the crime. He did not accompany the party to Knox for the reason that he was well known there and would be at once recognized, but the jury was warranted in finding from the evidence that he was the controlling person in originating and advancing the plan. He was to participate in the division of any money to be obtained. No witness was called in his behalf; the same defense being presented which was introduced in favor of Earl. It was in effect that when Gui, one of the original parties, changed his mind and exposed the design to the State constabulary, a prosecution for conspiracy should have been brought against those con-

federating to rob the bank and that the action of Gui and the two members of the constabulary at New Castle in permitting the enterprise to be carried along with their concurrence was contrary to public policy and good morals and that as a legal consequence the defendants could not be lawfully convicted. We discussed the legal merits of this defense in an opinion this day handed down in the appeal of Earl with a conclusion adverse to the contention of the appellant. The judgment of the court below is therefore affirmed for the reasons given in the opinion referred to and the record remitted to the court below to the end that it be carried into effect.